UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| BICKIE RHODES | CIVIL ACTION NO. 3:04 CV 480 |
|---|---|
| -vs- | JUDGE DRELL |
| LINCOLN PARISH DETENTION CENTER, et al. | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is defendant Lincoln Parish Detention Center Commission's Rule 12(c) motion for judgment on the pleadings (Doc. 26) and defendant Lincoln Parish Sheriff's Office's motion to dismiss under Rule 12(b)(6) (Doc. 38). After reviewing the memoranda submitted by the parties and the applicable statutes and case law, the Court will deny the motion for judgment on the pleadings (Doc. 26). The motion to dismiss (Doc. 38) is meritorious and will be granted.

### FACTUAL BACKGROUND

Plaintiff, Bickie Rhodes ("plaintiff"), a resident of Louisiana, was convicted of burglary in 2003 and incarcerated at the Lincoln Parish Detention Center (the "Center") in Ruston, La. (Doc. 1). Plaintiff alleges that during her period of incarceration, she was sexually assaulted by a male correctional officer, Terry

Jones, who had been granted access to her cell. Plaintiff alleges that this access was a violation of regulations requiring female prisoners to be kept in separate areas and watched over by female guards. Plaintiff further alleges that she complained of the incident to prison officials and yet was kept in the detention center and again raped by Jones. After being released from the Center before the term of her sentence had expired, she was ordered to return to complete her sentence, and alleges that upon doing so she was yet again raped by Jones.

Plaintiff then instituted this suit against Jones, the detention center, the detention center commission (the Center's governing body), and warden Renwick Payne, who, she alleges, was complicit in the sexual assaults and/or failed to take adequate steps to prevent them from occurring. She alleges violations of the 4th, 5th and 14th Amendments to the U.S. Constitution by way of 42 U.S.C. §§ 1983, 1985 and 1988, as well as the Civil Rights Acts of 1861, 1870 and 1871. Defendants Payne and the Lincoln Parish Detention Center filed an answer (Doc. 12) naming as third party defendants W. Wayne Houck, the sheriff of Lincoln Parish, the Lincoln Parish Sheriff's Office, and James Stevens, a deputy. Payne and the detention center allege that the third party defendants were responsible for the plaintiff's safety and knew of her situation, yet failed to take action that could have prevented one or more of the alleged sexual assaults upon the plaintiff.

Defendant Lincoln Parish Detention Center Commission (the "Commission") has filed a Rule 12(c) motion for judgment on the pleadings,

alleging that it is a statutorily created entity which was not endowed with the power to sue and be sued by the statute which brought it into being. Plaintiff responds that the Commission has numerous legal powers that allow it to function as an independent juridical entity, bringing it within the category of entities possessed of the power to sue and be sued under Louisiana law. Third party defendant Lincoln Parish Sheriff's Office has filed a Rule 12(b)(6) motion to dismiss, also alleging that it cannot sue or be sued under Louisiana law. The issues raised in these motions are now ripe for decision.

## RULE 12(b)(6) AND 12(c) STANDARD

The standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is harsh. The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claim. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The motion should only be granted if it appears clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2002). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). The standard for a motion for judgment on the pleadings under Rule 12(c) is identical to that of Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

DISCUSSION

The Court first addresses the Commission's argument that it is not a juridical entity with the capacity to sue and be sued. The capacity of a governmental entity to sue and be sued in federal court is determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b). Accordingly, the issue before the Court must be resolved by reference to Louisiana law. The Commission cites to Louisiana Revised Statute 15:848.1, which provides in pertinent part:

> The Lincoln Parish Detention Center shall be a political corporation, with power to sue and be sued and shall be governed by a commission to be known as the Lincoln Parish Detention Center Commission.

The statute does not expressly confer the same status upon the Commission as it does upon the Center. Movant seizes upon this lack of an express grant of capacity and argues that if the Legislature had wanted the Commission to have such rights and duties, it knew how to grant them. Plaintiff responds that the Commission has extensive powers which facilitate its function as a separate governmental entity and thus, according to Louisiana jurisprudential principles, it constitutes a juridical entity with the capacity to sue and be sued.

Among governmental entities, only juridical persons possess the legal capacity to sue and be sued. *City Council of the City of Lafayette v. Bowen*, 649 So.2d 611, 614-15 (La. App. 3 Cir. 1995). The Louisiana Supreme Court has developed a test to determine an entity's juridical status "in the absence of

4

positive law to the contrary." *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 347 (La. 1994).

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity (citation omitted).
>
> Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Id.* An explicit expression of juridical status by the legislature would of course be dispositive of the issue at hand. However, as noted above, there is no such expression. Here, the Court declines to find that a complete absence of language regarding the Commission's status amounts to "positive law" concerning that status simply because such a statement was made elsewhere in the statute concerning another entity, the Center. The parties have not cited, nor is this Court aware of, any legal presumption to be recognized regarding an entity's juridical capacity in the absence of a designation in the statute. The Court also finds that the Commission's status cannot be determined simply by mere reference to the enabling statute, where, as here, the Louisiana Supreme Court frames the legal inquiry of juridical status using the functionality test set out above.

The question to be asked in all of these cases is whether the entity has been given the power to conduct its own affairs independently and free from the control of another organization. *Bowen*, 649 So.2d at 614-15. Thus, the Court must look at the legislation creating the Commission to determine whether the Commission's legal powers are substantial enough to warrant a finding that it is an independent legal entity.

In this case, according to the enabling statute, the Lincoln Parish Detention Center has been established by statute but appears by and through the Lincoln Parish Detention Center Commission, which acts as a de facto board of directors in control of the Center. A review of the governing law reflects that the powers of the Commission are extensive. For example, the Commission has the powers of rulemaking and appointing, and approving the operating costs and expenses of the Center. La.R.S. 15:848.3-4. The Commission also has exclusive jurisdiction over all inmates lawfully incarcerated in the Center. La.R.S. 15:848.1. It is the keeper of the detention center, a duty which would otherwise fall upon the sheriff and a breach of which could make the sheriff subject to suit in tort. La.R.S. 15:848.3. Also, it takes responsibility for the care, custody and control of the inmates housed in the detention center. La.R.S. 15:848.3 specifically states that the Commission, as well as the Center itself, is responsible for the welfare of prisoners in its custody. The Court finds it significant that the legal responsibilities of the Commission are discussed in the same vein as that of the

6

Center itself. All things considered, the Court finds that the Commission operates as a legally independent entity on multiple levels, and thus is a separate juridical person with the legal capacity to sue and be sued. The Commission's motion for judgment on the pleadings will, therefore, be denied.

The Court now addresses the contention of the Lincoln Parish Sheriff's Office that it is not a legal entity capable of being sued. This is correct. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997). The proper legal entity is the elected sheriff in his official capacity. Therefore ,the sheriff's office will be dismissed as a defendant from this suit.

For the foregoing reasons, the Lincoln Parish Detention Center's motion for judgment on the pleadings (Doc. 26) will be denied. Defendant Lincoln Parish Sheriff's Office's motion to dismiss (Doc. 38) will be granted. A separate judgment will issue accordingly.

SIGNED on this 29th day of June, 2005 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge